[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT'S MOTION TO SEAL PORTIONS OF CASE FILE
Defendant Federal Insurance Co. ("Federal") has moved to seal some portions of the file in the above-captioned case that reveal the terms of a settlement agreement in another case. Federal's obligation to defend and to fund the settlement in the settled case is at issue in the above-captioned case.
Federal seeks to protect from public disclosure the terms of the underlying settlement. The plaintiffs have joined the request to seal documents that reveal the terms of the settlement and have pointed out two additional documents in which those terms are set forth.
The defendant's motion is titled "Motion for Protective Order;" however, its substance is a motion to seal, an issue governed by Practice Book § 11-20.
Section 11-20 requires the court to determine that a file or part of a file be sealed on the basis of a determination whether such an order "is necessary to preserve an interest which is determined to override the public's interest in . . . viewing such materials."
The requirement for such a determination applies "[e]xcept as provided in this section," and subparagraph (f) of § 11-20 states that "[t]he provisions of this section shall not apply to settlement agreements which have not been incorporated into a judgment of the court." Read together, therefore, the provisions of § 11-20 exempt the terms of settlement agreements from the need for a determination of the private and public interests in access to such information and allow such settlements to be secret unless the settlement is made part of a judgment entered by the court, in which case it is not exempt from the need to weigh these interests. The parties have represented to this court that the terms of the settlement have not been made a part of any judgment by a court, CT Page 12051 though the terms were approved by the probate court because the plaintiff in the underlying action is deceased and the executor needed probate court approval to settle the claim.
This court finds that the terms of the settlement may, pursuant to § 11-20 (f), be kept secret and that portions of documents that set forth the terms of the settlement may be kept under seal as authorized by that provision.
The parties have proposed the sealing of every page in certain documents because of identification of the settlement terms on particular pages of those documents. Section 11-20 (b) provides that where the obligation to weigh public and private interests exists, "[a]ny [sealing] order shall be no broader than necessary to protect such overriding interest." Subsection (f) exempts only the actual terms of a non-judgment settlement, not all documents in which such terms are set forth. The intent of § 11-20 appears to be to limit sealing, not to allow it for items that do not meet the description of the exemptions. This court therefore finds that only those pages of filed documents in which the actual settlement terms are set forth and identified may be sealed. Similarly, such pages in future filings may be filed under seal.
The parties have proposed sealing a number of briefs and documents. of these, the court finds that only the following shall be maintained under seal, pursuant to the standards stated above:
1. Pages 5, 6, and 10 and Exhibit B to Defendant Federal Insurance Company's Counterclaim Against Plaintiffs The Milford Hospital, Inc. and Paul B. Moss (dated June 14, 2002).
2. Exhibit V to the affidavit of Deanna Beacham.
3. The reference to the settlement amount on page 1 of Federal's Memorandum in Opposition to Plaintiffs Motion for Partial Summary Judgment (dated June 19, 2002).
4. The affidavit of Deanna Beacham contains averments only about defense costs, and does not set forth the terms of the settlement agreement, and the motion is denied as to that document.
Conclusion
The motion to seal is granted only as to the documents specifically identified in paragraphs 1, 2 and 3 above and as to the page(s) in any future filings which set forth the terms of the settlement of the claim. CT Page 12052
 Beverly J. Hodgson Date Judge of the Superior Court
CT Page 12053